IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| T. DORFMAN, INC., a Canadian corporation, and TERRY DORFMAN, an individual,<br><br>      Plaintiffs,<br><br><br>      vs.<br><br><br>MELALEUCA, INC., an Idaho corporation, and FRANK VANDERSLOOT, individually, and in his official management capacity,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:10-CV-01213-DB |

Before the court is defendants Melaleuca, Inc. and Frank Vandersloot's (collectively "defendants") motion to dismiss or, in the alternative, transfer venue of this action to the United States District Court for the District of Idaho pursuant to 28 U.S.C. §§1404 and 1406 and Federal Rule of Civil Procedure 12(b)(3). The court grants defendants' motion to transfer venue for the reasons set forth below.

## BACKGROUND FACTS

Consistent with Rule 12(b) of the Federal Rules of Civil Procedure, the factual allegations contained in plaintiffs' complaint are accepted as true for this motion.

Defendant Melaleuca, Inc. ("Melaleuca"), an Idaho corporation, is a consumer

direct-marketing company that manufactures skin care and other health products whose corporate offices are located in Idaho Falls, Idaho. (Complaint, Dkt. No. 2, ("Complaint") ¶¶ 3, 7.) Defendant Frank Vandersloot ("Vandersloot"), a resident of Idaho, is Melaleuca's chief executive officer. (Complaint ¶ 4.) Melaleuca hired plaintiff Terry Dorfman ("Dorfman"), a citizen and resident of Ontario, Canada, and T. Dorfman, Inc. ("TDI"), a Canadian corporation, (collectively "plaintiffs") as independent contractors in July 2002 to market and distribute Melaleuca's products. (Complaint ¶¶ 2, 8, 11.) Dorfman is TDI's president and sole employee. (Complaint ¶ 13.) A contract memorializing the arrangement between plaintiffs and defendants was signed in California. (Complaint ¶¶ 51-56, 97.)

Between July 2002 and mid-2009, Melaleuca made regular commission payments to TDI based on a percentage of income derived from the sales made by others in TDI's downline. (Complaint ¶¶ 10, 11, 16.) TDI made substantial sales and generated millions of dollars of income for Melaleuca. (Complaint ¶¶ 16, 17.) However, on August 6, 2010, Melaleuca terminated its relationship with Dorfman and TDI claiming plaintiffs had violated their contractual obligations to Melaleuca. (Complaint ¶ 77.)

On August 12, 2010, Melaleuca held its annual convention in Salt Lake City, Utah. (Complaint ¶ 78.) At a meeting for executives and senior directors, Vandersloot told the attendees that Max International ("Max") was stealing Melaleuca's Independent Marketing Executives ("IMEs") and that Dorfman was intimately involved in Max's efforts to steal Melaleuca's IMEs. (Complaint ¶¶ 79, 82.) Vandersloot also expressed that Ms. Dorfman had violated her contractual obligations to Melaleuca, that she had lied to Melaleuca to cover it up, and that Melaleuca had

terminated Dorfman as a result. (Complaint ¶ 82.)

On December 7, 2010, Dorfman and TDI brought this diversity action against defendants alleging: (1) Breach of Contract, (2) Breach of Implied Covenant of Good Faith and Fair Dealing, (3) Defamation/Slander, (4) Tortious Interference with Existing Business Relations, and (5) Interference with Prospective Business Relations. (Dkt. No. 2.) Defendants responded by filing the instant motion on December 17, 2010 moving the court to dismiss the action for improper venue or, in the alternative, to transfer venue to the United States District Court for the District of Idaho. (Dkt. No. 7.)

## DISCUSSION

There are two questions before the court: (1) whether venue is proper in the United States District Court for the District of Utah; and (2) whether this case should be transferred to the United States District Court for the District of Idaho.   The court holds in favor of transfer.

## I. Venue in Utah

Plaintiffs base subject matter jurisdiction in this case on diversity of citizenship. (Complaint ¶ 5.) As such, venue is governed by 28 U.S.C. § 1391(a), which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time action is commenced, if there is no district in which the action may otherwise be brought.

Here, Plaintiffs rely on (2) to justify venue in Utah. (Complaint ¶ 6.) Plaintiffs argue that the statements made at Melaleuca's annual convention in Salt Lake City, Utah are a substantial part of

the events giving rise to the defamation claim. Even if plaintiffs argument is true, Utah still has

little connection with the operative facts of the lawsuit. Plaintiffs are Canadian. Defendants are

Idahoan. The contract was signed in California. The allegations supporting the claims for breach

of contract and breach of the covenant of good faith and fair dealing as well as the claim for

tortious interference occurred in Idaho. The only alleged connection to Utah is that the alleged

defamatory statements were made in Salt Lake City. Yet even those statements were made by an

Idaho - not Utah - resident. Thus, the question arises whether such little connection is sufficient

to justify venue in Utah. The court, however, need not address that question as the court is

allowed to transfer the case regardless of whether venue is proper or improper.

## II.  Transfer to Idaho

The court finds that transfer is appropriate under 28 U.S.C. § 1404(a) and 28 U.S.C. §

1406(a).

### A.  28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any district or division where it

might have been brought." The following factors are relevant in evaluating a motion to transfer

venue under section 1404(a):

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of
> proof, including the availability of compulsory process to insure attendance of
> witnesses; the cost of making necessary proof; questions as to the enforceability of
> judgment if one is obtained; relative advantages and obstacles to a fair trail;
> difficulties that may arise from congested dockets; the possibility of the existence of
> questions arising in the area of conflict of laws; the advantage of having a local court
> determines [sic] questions of local law; and all other considerations of a practical
> nature that make a trial easy, expeditious and economical.

4

Island View Residential Treatment Center v. Kaiser Permanente, 2009 WL 2614682, *2 (D. Utah Aug. 21, 2010) (citing Chrysler Credit Corp. v County Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)).

A forum selection clause should also receive some consideration under 1404(a). "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration nor no consideration, but rather the consideration for which Congress provided in §1404(a)." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 31; 108 S.Ct. 2239, 2245 (1988). Furthermore, a forum selection clause is not illegal as a matter of federal law. Under federal law, forum selection clauses are prima facie valid and should be enforced unless enforcement is shown to be unreasonable. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1907). Thus, a forum selection clause should also be given some consideration under section 1404(a).

The balance of section 1404(a) factors tips in favor of Idaho. While plaintiffs' choice of forum favors Utah, the relevant forum selection clause selected Idaho as the forum to resolve the parties' disputes. Additionally, while plaintiffs make an unsupported claim of unfair bias in Idaho courts, expense, availability of witnesses and evidence, questions of local law, enforceability of judgment, and general practicality favor Idaho. Expense and general practicality favor Idaho because the defendants, witnesses, and the records regarding defendants' business activities, contacts, organizations, and other facts relevant to this case are located in Idaho. Questions of local law favors Idaho as Idaho law will govern this case. Lastly, enforceability favors Idaho as that is where defendants reside. Accordingly, the balance of section 1404(a) factors tips in favor

of Idaho and justifies transfer to the United States District Court of the District of Idaho.

    B. <u>28 U.S.C. § 1406(a)</u>

    Venue transfer is also justified under section 1406(a). 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Here, as discussed above, Utah has little connection with the operative facts of the lawsuit. Although the alleged defamatory statements may have been made in Utah, the statements were made by Idaho residents. Idaho is also the location of the defendants, witnesses, relevant records, and other relevant facts. Thus, the court is justified in transferring the case to Idaho in the interest of justice as the case could have been brought there in the first place. Accordingly, transferring this case to the United States District Court for the District of Idaho under 28 U.S.C. § 1406(a) is appropriate.

<b><u>CONCLUSION</u></b>

    For the reasons stated above, the court hereby GRANTS defendants' motion to transfer. The court hereby ORDERS this case to be transferred to the United States District Court for the District of Idaho.

DATED this _14th_ day of March, 2012.

Dee Benson
United States District Judge